OPINION
{¶ 1} Plaintiff-appellant, Benjamin M. Maraan II, administrator of the estate of Michael Henry Vanover, appeals a decision of the Butler County Court of Common Pleas granting judgment in favor of defendant-appellee, the Cincinnati Insurance Co., in a declaratory judgment action. We affirm the decision of the trial court.
 {¶ 2} The following facts are undisputed: On August 15, 2000, Vanover was fatally injured in an automobile collision while riding as a passenger in a vehicle driven by Steven Ball. The collision was the result of Ball's negligence. Ball was insured by Allstate which tendered its policy limit of $12,500.
 {¶ 3} At the time of the collision, Vanover was employed by CCI Supply, Inc. Vanover was not occupying a vehicle owned by CCI Supply, nor was he in the course and scope of his employment when the collision occurred. Appellee issued an insurance binder to CCI Supply effective July 31, 2000. The binder was replaced by an insurance policy issued December 11, 2000. The binder provided automobile liability coverage and underinsured motorist coverage. The policy did not name Vanover as an insured.
 {¶ 4} Appellant brought suit seeking a declaration that Vanover was an insured under the business insurance policy, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, and thus entitled to underinsured motorist coverage. Both parties filed motions for summary judgment. The trial court granted judgment in favor of appellee, finding that Vanover was not an insured as defined under the insurance policy. Appellant appeals, raising a single assignment of error:
 {¶ 5} "The trial court erred when it held that the plaintiff is not entitled to underinsured motorist coverage under the insurance binder issued by CIC."
 {¶ 6} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. This requires that a reviewing court "use the same standard that the trial court should have used, and examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewerv. Cleveland Bd. Of Edn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116,119-120. This court reviews the trial court's decision without according it any deference. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711.
 {¶ 7} Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64,66; Civ.R. 56(C). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial[.]" Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107.
 {¶ 8} We first consider whether Vanover is an insured under the insurance policy as appellant contends. The insurance contract at issue in the present case does not name individual employees as "named insureds," leading to the same ambiguity found in the policy at issue in Scott-Pontzer. The Ohio Supreme Court concluded in Scott-Pontzer that such an ambiguity must be interpreted as extending coverage to all of the corporation's employees. Scott-Pontzer, 85 Ohio St.3d 660, 664,1999-Ohio-292; see, also, Reichardt v. National Surety Corp., Clermont App. Nos. CA2002-02-017, CA2002-02-018, 2002-Ohio-5143. Further, absent specific limiting language in the insurance policy, the court found that employees were entitled to coverage without regard to whether they were acting within the scope of employment. Scott-Pontzer at 666.
 {¶ 9} However, the Supreme Court of Ohio has subsequently limited the holding of Scott-Ponzter. As relevant to the present case, the court stated:
 {¶ 10} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within thecourse and scope of employment." Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus (emphasis added).
 {¶ 11} We further note that this same limitation is contained in the insurance contract itself.
 {¶ 12} As it is undisputed that Vanover was not acting within the course and scope of his employment when he was injured, there can be no dispute that he is not an insured under the insurance policy. Appellee is consequently entitled to judgment in its favor as a matter of law. The assignment of error is overruled.
 {¶ 13} Judgment affirmed.
Young, P.J., and Valen, J., concur.